Citation Nr: 1532768 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 08-19 423 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Reno, Nevada


THE ISSUE

1. Whether new and material evidence has been received to reopen a claim for
service connection for compression fracture, lumbar spine.

2. Entitlement to service connection for an acquired psychiatric disability, to include post-traumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars


ATTORNEY FOR THE BOARD

F. Yankey Counsel



INTRODUCTION

The Veteran served on active duty in the U.S. Navy from May 1963 to December 1966.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a
January 2008 rating decision issued by the Department of Veterans Affairs (VA)
Regional Office (RO) in Reno Nevada, which, in pertinent part, found that new and
material evidence had not been submitted to reopen a claim for service connection
for compression fracture, lumbar spine, and denied service connection for PTSD. 

The Court has held that when a claimant makes a claim, he is seeking service
connection for symptoms regardless of how those symptoms are diagnosed or
labeled. Clemons v Shinseki, 23 Vet App 1 (2009) (claim for benefits based on
PTSD encompassed benefits based on other psychiatric disabilities). Therefore, the
Board construes the Veteran's claim for service connection PTSD as encompassing
entitlement to service connection for an acquired psychiatric disability, to include
PTSD.

The claim was remanded by the Board in October 2011 and July 2014 for additional development. The case has been returned to the Board for further appellate action.

This appeal was processed using the Veterans Benefits Management System (VBMS and Virtual VA paperless claims processing system. Accordingly,
any future consideration of this appellant's case should take into consideration the
existence of this electronic record.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.



REMAND

Unfortunately, another remand is required in this case. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the appellant's claim so that he is afforded every possible consideration.

VA must make reasonable efforts to help a claimant obtain evidence necessary to substantiate his claim. 38 U.S.C.A. § 5103 (West 2014); 38 C.F.R. § 3.159(c), (d) (2014). The duty to assist contemplates that VA will help a claimant obtain records relevant to his claim, whether or not the records are in Federal custody, and that VA will provide a medical examination or obtain an opinion when necessary to make a decision on the claim. 38 C.F.R. § 3.1599(c)(4) (2014).

The evidence of record reflects that the Veteran was incarcerated in the Nevada State Prison System, which includes the Ely State Prison and the Northern Nevada Correctional Center, from June [redacted], 2001 to July [redacted], 2012. He has reported receiving psychiatric treatment and treatment for his lumbar spine disability during his incarceration. In both the October 2011 and July 2014 Board remands, the RO was directed to attempt to obtain all available medical records pertaining to the Veteran, concerning low back and/or psychiatric/mental health complaints, evaluations, and/or treatment in the Nevada State Prison system, to include records of treatment from the Ely State Prison, where he was an inmate in January 2002. Nevertheless, it appears that the RO has mistakenly limited its request for records from the Nevada Department of Corrections to records from January 2002. As such, the Board finds that another attempt should be made to obtain records of treatment for the Veteran during his entire period of incarceration in the Nevada Department of Corrections from June [redacted], 2001 to July [redacted], 2012. 

In addition, the Board notes that in a February 2015 statement, the Veteran reported that up until February 2014, he had received PTSD treatment from Dr. K. at the VA Medical Facility on Plumas. He also reported that there were current X-rays and a CAT scan of his back at the VA Medical Center in Reno, Nevada. 

The Board notes that the most recent VA medical records associated with the efolder are only dated through May 2013.

The procurement of potentially pertinent medical records referenced by the Veteran is required. As it appears that there may be available medical records that are not presently associated with the claims folder, a remand is required. See 38 C.F.R. 
§ 3.159(c)(2). The provisions of 38 C.F.R. § 3.159(c) provide that VA will make as many requests as are necessary to obtain relevant records from a Federal department or agency. If VA is unable to obtain such records, VA must provide the claimant with oral or written notice of that fact. The notice must contain various information, including an explanation of the efforts VA made to obtain the records and a description of any further action VA will take regarding the claim. 38 C.F.R. § 3.159(e).

Finally, the Board notes that the Veteran submitted several statements in February 2015, indicating that his address has changed. His current address is: [redacted] [redacted], Nevada 89431. The most recent correspondence of record was sent to his new [redacted], Nevada address, but VACOLS still lists his [redacted], Nevada address.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should update VACOLS to reflect the Veteran's current address in [redacted], Nevada, noted in his February 2015 statements.

The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for his psychiatric disability and/or his low back disability. After acquiring this information and obtaining any necessary authorization, the RO should obtain and associate the records of such treatment with the claims file. 

All development efforts should be in writing and associated with the claims efolder. 

The RO should also obtain any outstanding VA medical records, including X-rays and CAT scans, from the VA Medical Center in Reno, Nevada dated from May 2013 to the present.

2. Obtain all available medical records pertaining to the
Veteran, particularly concerning his low back and/or
psychiatric/mental health complaints, evaluations and/or
treatment in the Nevada Department of Corrections dated from June 21, 2001 to July 12, 2012, including, but not limited to his time as an inmate in the Ely State Prison in January 2002. The procedures outlined under 38 C F R § 3 159 (2014) must be followed.

3. Once the above development has been completed,
the AOJ should consider whether a VA examination is warranted, and if so, obtain an examination.

4 After completion of all requested and necessary
development, the AOJ should review the record in light of
the new evidence obtained. If any benefit on appeal remains denied, the Veteran and his representative should be furnished with a supplemental statement of the case. Once they are afforded an opportunity to respond, the claim should be returned to the Board for appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
GAYLE E. STROMMEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).